Lidiya **ROZHELYUK**, aka Lidiya Mikhaylivna Sorokhan; Nataliya Sorokhan, Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–75480.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Paul D. Edmondson, Esq., Yakima, WA, Leah W. Hurwitz, Esq., San Diego, CA, for Petitioners.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elisebeth Collins Cook, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Lidiya Rozhelyuk and her 14–year–old daughter, Nataliya Sorokhan, natives and citizens of the Ukraine, petition for review of the Board of Immigration Appeals' decision that affirmed the Immigration Judge's ("IJ") denial of their applications for asy-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

Rozhelyuk contends that the IJ erred in his adverse credibility determination. We disagree. Substantial evidence supports the IJ's adverse credibility determination based on inconsistencies between Rozhelyuk's testimony, asylum application, and supporting documentation regarding facts going to the heart of her asylum claim. *See id.* at 962 ("An adverse credibility ruling will be upheld so long as identified inconsistencies go to the heart of the asylum claim.").

Because Rozhelyuk failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Rozhelyuk's CAT claim is based on the same testimony that the IJ found not credible, and because she points to no other evidence that the IJ should have considered in making its CAT determination, substantial evidence supports the denial of CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.